**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| ALDAKECISHA ROYAL,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART INC. d/b/a WALMART SUPERCENTER STORE #2348<br><br>Defendant. | ) | No. 2:26-cv-02473-DCN<br><br>**ORDER** |

The following matter is before the court on defendant Walmart Inc. d/b/a Walmart Supercenter Store #2348's ("Walmart") motion to dismiss, ECF No. 4. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

This case arises from a dispute involving Walmart's termination of an employee due to allegations of theft.

Plaintiff Aldakecisha Royal ("Plaintiff" or "Royal") worked for Walmart, located in Charleston, South Carolina for approximately two years until March 23, 2026. ECF No. 1-1, Compl. ¶ 2, 7. Royal alleges that on or about March 10, 2026, Walmart's loss prevention team met with Royal and falsely accused her of stealing food from the store's deli. Id. ¶ 8. Royal claims that there were several individuals present during this meeting and that she was subsequently escorted off the store premises by police in front of Walmart employees and customers. Id.

Royal alleges that she cooperated with Walmart's investigation and requested that it provide her with evidence to support the accusation. Id. ¶ 9. However, on March 23,

2026, Walmart terminated Royal's employment. Id. ¶ 10. Royal claims that her termination was improper and unlawful, as Walmart had no evidence to support their claims and failed to investigate the matter. Id. ¶¶ 10–11. Royal further alleges that, after her termination, Walmart discovered that she had in fact paid for the food she was accused of stealing. Id. ¶¶ 11–12.

Royal filed suit in the Charleston County Court of Common Pleas on May 20, 2026, asserting causes of action for (1) wrongful discharge in violation of public policy; (2) "retaliatory termination"; and (3) intentional infliction of emotional distress. Id. ¶¶ 14–26. Walmart removed the case on June 23, 2026, ECF No. 1, and filed a motion to dismiss on the same day, ECF No. 4. Royal responded on July 7, 2026. ECF No.5. Walmart replied on July 14, 2026. ECF No. 6. As such, the motion is fully briefed and now ripe for the court's review.

## II. STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). "To survive a motion

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

## III. DISCUSSION

Walmart moves to dismiss on three grounds: (1) Royal fails to state a plausible claim for wrongful discharge in violation of public policy; (2) Royal's second cause of action does not exist under South Carolina law; and (3) the South Carolina Workers' Compensation Act (the "Act") bars Royal's claim for intentional infliction of emotional distress. See ECF No. 4. Royal argues against dismissal or, alternatively, seeks leave to amend her complaint. ECF No. 5. For the reasons set forth below, the court grants Walmart's motion. The court addresses each claim in turn.

### A. Wrongful Discharge

Under South Carolina law, absent the creation of a specific contract of employment, employment is presumed to be at-will. Mathis v. Brown & Brown of S.C., Inc., 698 S.E.2d 773, 778 (S.C. 2010). Here, Royal does not dispute her at-will status. See ECF No. 5 at 4. An at-will employee may generally be terminated at any time for any reason or for no reason, with or without cause. Mathis, 698 S.E.2d at 778. However,

South Carolina recognizes a public policy exception to the employment at-will doctrine. See Ludwick v. This Minute of Carolina, Inc., 337 S.E.2d 213, 216 (S.C. 1985).

"The South Carolina Supreme Court has expressly recognized at least two situations in which an action for wrongful discharge in violation of public policy can be maintained: (1) when an employer requires an employee to violate a criminal law as a condition of maintaining employment . . . and (2) when the act of terminating an employee is itself in violation of a criminal law." Desmarais v. Sci. Rsch. Corp., 145 F. Supp. 3d 595, 598 (D.S.C. 2015) (citing Ludwick, 337 S.E.2d at 214-216, and Culler v. Blue Ridge Elec. Coop., Inc., 422 S.E.2d 91 (S.C. 1992)). However, the public policy exception is not limited to those two situations but instead applies to any "violation of a clear mandate of public policy." Culler, 422 S.E.2d at 92.

Despite this framing, South Carolina courts narrowly interpret the public policy exception, "often declining to extend the exception beyond the bounds of Ludwick and Culler." Desmarais, 145 F. Supp. 3d at 598 (collecting South Carolina cases). The Fourth Circuit has followed a similarly cautious approach when applying this exception. See Merck v. Advanced Drainage Systems, Inc., 921 F.2d 549, 555 (4th Cir. 1990) (explaining that the public policy exception "is to be very narrowly applied" and is not "an open-ended concept").

Here, Royal does not allege or argue that she was required to violate a criminal law or that her termination itself violated criminal law. See generally Compl.; see also ECF No. 5. She must therefore plausibly allege that she was terminated in "violation of a clear mandate of public policy," to survive this motion to dismiss. Culler, 422 S.E.2d at 92. Royal fails to do so.

In asserting this cause of action, Royal specifically alleges that her termination violated S.C. Code Ann. § 16-17-560. Compl. ¶ 15. However, that statute is not applicable to any of Royal's allegations. The statute provides:

> It is unlawful for a person to assault or intimidate a citizen, discharge a citizen from employment or occupation, or eject a citizen from a rented house, land, or other property because of political opinions or the exercise of political rights and privileges guaranteed to every citizen by the Constitution and laws of the United States or by the Constitution and laws of [South Carolina].

S.C. Code Ann § 16-17-560 (emphasis added). Royal does not allege that she was terminated because of her political opinions or exercising political rights, nor does she argue as much in her brief. See generally Compl., ECF No. 5. Royal identifies no other public policy to support her claim.

"[C]ourts in this district have held that a plaintiff's failure to identify the source of a clear mandate of public policy warrants dismissal." Desmarais, 145 F. Supp. 3d at 599 (citing Riley v. Southern Care, Inc., 2013 WL 1809788, at *6 (D.S.C. Apr. 29, 2013)). As such, the court will dismiss Royal's wrongful discharge claim with prejudice.

**B. "Retaliatory Termination"**

The South Carolina Supreme Court has recognized that a tort for wrongful termination exists where "the retaliatory discharge of an at-will employee constitutes violation of a clear mandate of public policy." Ludwick, 337 S.E.2d at 216; see also Garner v. Morrison Corp., 456 S.E.2d, 907, 908 (S.C. 1995), Barron v. Labor Finders of S.C., 713 S.E.2d 634 (S.C. 2011). Contrary to Royal's assertion, these cases do not recognize a separate and distinct cause of action for "retaliatory termination." See ECF No. 5. Retaliatory termination in violation of public policy is actionable under South

Carolina law, but only as a claim for wrongful termination in violation of public policy, which Royal asserts as her first cause of action.

Royal argues that "[r]ead in the light most favorable to [her], the second cause of action pleads an alternative articulation of the Ludwick retaliatory discharge theory express permitted under Fed. R. Civ. P. 8(d)(2)-(3) (a party may plead alternative and even inconsistent claims)." ECF No. 5. It is not clear from her argument whether Royal pleads this claim as an alternative claim to her wrongful termination cause of action or a standalone cause of action. Either way, Royal fails to state a plausible claim for relief.

First, Royal's complaint in no way alleges that her second cause of action is being brought as an alternative claim, or even a wrongful termination claim. See generally Compl. Even if the court treats this as an alternative wrongful termination claim, it fails for the same reasons discussed above; Royal fails to plausibly allege that her termination violated a clear mandate of South Carolina public policy. Supra pp. 4–6. To the extent Royal asserts this as a standalone claim, there is no such cause of action recognized by South Carolina law. Therefore, Royal's second cause of action for "retaliatory termination" fails as a matter of law and will be dismissed with prejudice.

**C. Intentional Infliction of Emotional Distress**

Walmart argues that Royal's claim for intentional infliction of emotional distress ("IIED") is barred by the exclusive remedy provision of the Act, S.C. Code § 42-1-540, which applies to tort claims arising out of the course and scope of an employee's duties. See Glass v. Dow. Chem. Co., 482 S.E.2d (S.C. 1997); see also Loges v. Mack Trucks, Inc., 417 S.E.2d 700 (1993) (finding allegations of IIED to "constitute personal injuries within the scope of the Act."). The court agrees.

Most of Royal's allegations under this cause of action are threadbare recitations of the legal standard for IIED claims: "Defendant did intentionally or recklessly inflict severe emotional distress upon Plaintiff, [ ] Defendant's conduct was so extreme and outrageous as to exceed bounds of decency, and [ ] Defendant's actions did cause emotional distress of a nature that no reasonable person should be expected to endure." Compl. ¶ 24. Royal argues in response that "whether [her] emotional injuries arise out of her employment as opposed to Walmart's false public accusations of criminality and its summoning of police to parade Ms. Royal off the premises presents factual questions not resolvable on the pleadings." ECF No. 5. However, Royal's only substantive allegation under this cause of action places her emotional injuries squarely within the scope of her employment: "the distress was heightened and the conduct more egregious due to the special employer-employee relationship existing between Defendant and Plaintiff." Id. ¶ 25. Moreover, Royal attached to her brief a proposed amended complaint but did not add any allegations to support the notion that her injuries arose from occurrences outside the scope of her employment. See ECF No. 5-1. Accordingly, Royal has failed to plausibly allege that her third cause of action falls outside the scope of her employment. The Act thus forecloses her claim for IIED.

Royal further argues that if the Act does apply to her claim, an exception under the Act—applicable when the alleged tortious conduct is committed or authorized by the employer's alter ego—sustains her claim. See Dickert v. Metro. Life Ins. Co., S.E.2d 700, 701 (S.C. 1993). The parties do not dispute that, under South Carolina law, only "dominant corporate owners and officers" can constitute alter egos of an employer. Id. Here, Royal does not allege that any corporate officers or owners played a role in the

events giving rise to this action; instead she argues that she should be allowed to engage in discovery to determine which members of Walmart's personnel authorized or directed the alleged actions. ECF No. 5. Because Royal has not alleged sufficient facts to state a plausible claim in her complaint or her proposed amended complaint, the court will not permit Royal to engage in discovery. See Barbour v. Garland, 105 F.4th 579, 593 (4th Cir. 2024) ("[T]he filing of an insufficient complaint does not authorize [a plaintiff] to engage in 'a fishing expedition to determine if there is any factual basis for asserting' a claim against [the defendant].") (internal citations omitted).[1]

Accepting the allegations of the complaint as true, Royal has failed to allege sufficient facts to demonstrate that the Act does not bar her claim. Therefore, the court finds that this claim is barred under the exclusivity provision of the Act and dismisses it without prejudice.

**D. Leave to Amend**

In her response, Royal asks the court for leave to amend her complaint and attaches a proposed amended complaint, claiming that it will remedy any deficiencies identified by the court. ECF No. 5-1. No motion to amend has been filed, however. The Fourth Circuit has declined to "find that requests made in opposition memoranda constitute a proper motion to amend," and held that "a district court does not abuse its discretion by declining to grant a request to amend when it is not properly made as a motion." ACA Fin. Guar. Corp. v. City of Buena Vista, 917 F.3d 206, 216 (4th Cir. 2019); see also Cozzarelli v. Inspire Pharms. Inc., 549 F.3d 618, 630–31 (4th Cir. 2008).

---

[1] The parties also dispute whether Walmart's alleged conduct was extreme or outrageous as a matter of law. See ECF Nos. 4, 5, 6. However, the court need not reach this argument in disposing of this claim.

Nevertheless, the court's dismissal of Royal's third cause of action will be without prejudice should she seek to reassert her claim.[2]

## IV. CONCLUSION

For the reasons set forth above, the court **GRANTS** Walmart's motion and dismisses Royal's complaint.

**AND IT IS SO ORDERED.**



**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 10, 2026**
**Charleston, South Carolina**

[2] However, the court notes that Royal's claim—that her proposed amended complaint will remedy any defects identified by the court—is inaccurate. The proposed amended complaint merely adds a fourth cause of action for defamation; it does not add or alter any factual allegations. Id. None of the defects identified by the court are addressed in the proposed amended complaint in a manner that would alter the disposition of the causes of action addressed by the court. See id.